### BALIND v. LANIGAN, d. b. a. EAST SIDE COAL CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6976.  Decided Dec. 6, 1926.

**First Publication of this Opinion.**

677. JUDGMENTS—1223. Vacation—Where motion is filed on April 25, 1924, to vacate default judgment, granting such motion on Oct. 20, 1925, without evidence and without a sufficient reason why judgment was taken in the manner it was, is beyond power of court and is abuse of discretion.

Error to Common Pleas.

Judgment reversed.

Rocker & Schwartz, Cleveland, for Balind.
James T. Cassidy, Cleveland, for Lanigan.

VICKERY, J.

David Balind sued Albert Lanigan, d. b. a. the East Side Coal Co., in the Cuyahoga Common Pleas, to recover damages for injuries sustained in an automobile accident. On the day of trial, neither defendant nor his counsel put in an appearance, whereupon plaintiff's evidence was heard and a judgment for $5,000 was rendered in his favor. This was on April 10, 1924.

On April 25, 1924, a motion to vacate was filed. On May 19, 1925, that motion was overruled. On the 30th of June, 1925, a motion for a rehearing was filed, and during the September term of Court, on Oct. 20, 1925, the motion for a rehearing was granted; and, at the same time, the entry of May 17, 1925, was vacated and the motion to vacate the default judgment was granted. Exception was taken and error prosecuted to the ruling of the Court.

We recognize the right of the Court to have control of its docket during the term.

If the original motion to vacate was based on a reason sufficient to give the court a right to act thereunder, and that motion was filed during term, even if it was not acted upon until several terms thereafter, if then, at the hearing, a proper defense was offered and the court had adjudicated the question that there was a defense, then everything would be regular and the court would have jurisdiction over the matter to render such judgment as he did.

The overruling of the motion on May 19, 1925, for all intents and purposes, ended the court's jurisdiction over the matter, assuming it had jurisdiction up to that time. Then followed a period of 41 days, from the 19th of May to June 30th, 1925, when a motion for a rehearing was filed, where there was nothing pending in court. This motion for a rehearing was ineffectual.

Eliminating the motion of June 30th, on the 20th of October the court vacated the overruling of the motion of May 19, 1925, and th n the court proceeded to vacate the judgment upon the motion that was filed April 25, 1924. This, as the record shows, without evidence, without a sufficient reason why judgment was taken in the manner it was, that is, why defendant was not present, we think is beyond the power of the court, and an abuse of discretion. (See 11636 GC. and 11637 GC.)

(Levine, PJ., and Sullivan, J., concur.)